18 A.3d 1095

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Daniel DOUGHERTY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 2, 2009.

Decided April 28, 2011.

Robert Brett Dunham, Defender Association of Philadelphia, Shannon Druri–Lanessa Farmer, David Scott Fryman, Ballard Spahr Andrews & Ingersoll, L.L.P. and Michael Wiseman, Philadelphia, for Daniel Dougherty.

Hugh J. Burns, Philadelphia District Attorney's Office, Amy Zapp, PA Office of Attorney General, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

### *ORDER*

PER CURIAM.

AND NOW, this 28th day April, 2011, after review, we find that the PCRA court's 10–page opinion provides an insufficient basis for our review, and further find that the PCRA court erred by denying a request for her recusal. Accordingly, we remand this matter to the PCRA court for appointment of a new PCRA judge who shall prepare a fully developed opinion on all of the parties' claims, and may hold an evidentiary hearing or grant any other relief deemed necessary.

The Commonwealth's Application for Leave to File Post–Submission Communication, is granted.[1]

Jurisdiction relinquished; case remanded.

Chief Justice CASTILLE, Justice EAKIN, and Mesdames TODD and ORIE MELVIN join the per curiam order.

Justice BAER files a concurring statement in which Justice McCAFFERY and Madame Justice ORIE MELVIN join.

Justice SAYLOR files a concurring and dissenting statement.

Justice BAER, concurring.

I concur fully in the disposition of this case, as reflected in the *per curiam* order of this Court. Indeed, I agree that without a full opinion from a PCRA court outlining the reasons for denying Appellant's petition for post-conviction relief, we cannot effectively conduct appellate review of that denial. I further concur that a new PCRA judge should be appointed to resolve this case upon remand, and that jurist should grant any other relief deemed necessary, including the scheduling of an evidentiary hearing.[1]

---

1. Appellant has filed a letter indicating he does not oppose the Commonwealth's Motion.

1. To that end, I respectfully differ from my esteemed colleague, Mr. Justice Saylor, who calls for a mandatory hearing upon remand.

Regarding the recusal of the PCRA judge from this matter on remand, however, I respectfully feel compelled to comment upon why I believe such action is necessary. At a PCRA hearing in February 2008, the PCRA court judge called Appellant "vile." *See* Notes of Testimony (N.T.), Mar. 7, 2008 at 7. When Appellant's counsel reviewed the February 2008 PCRA hearing transcript, however, he found this remark directed to his client had not been transcribed. This prompted counsel to write to the court reporter requesting that she not destroy or discard any audio recordings of the proceedings.

In response to this letter, the PCRA judge ordered that a hearing take place on March 7, 2008. At that hearing, the PCRA judge conceded that she had made the above comment, *see id.* at 7 ("Oh, you know what, the record should reflect that. I did call him vile, period, I did."); and, importantly, also acknowledged that she had privately directed the court reporter to remove various comments from the record, which she deemed "non-judicial." *See id.* at 5–6 ("I told [the court reporter] to [remove] words that are less than judicial because I'm Southern and I say words like flipping or sucker.…").

The PCRA judge's personal affront to Appellant, while inappropriate, would not precipitate this concurring statement; nor, in my view, recusal of the PCRA judge. The alteration of the transcript, however, is another matter. Litigants and the appellate courts alike have but one vehicle through which to examine a trial court's proceedings for potential irregularities: the certified record. Therefore, to alter a record is to strike at the very pillars of meaningful appellate review, and concomitantly therewith, the basic tenets of due process. Thus, it is my opinion that a judge's extraordinary action in altering the official record of judicial proceedings, regardless of any protested justification, should precipitate serious repercussions.

Moreover, in the instant case, the comment removed was a personal slight to Appellant. While the utterance of the slight could be understood as an emotional outburst during a difficult proceeding, when it is coupled with a subsequent attempt to suppress its existence, there is a sufficient appearance of

impropriety to warrant the culpable judge's disqualification. *See* Code of Judicial Conduct, Canon 3(C)(1) ("Judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned . . . .").

If all of this was not enough, during the March 7 hearing, upon counsel's oral motion seeking the PCRA judge's recusal from further proceedings in this matter, the judge responded by indicating that it was her role "to defend the decision of my jury." N.T., Mar. 7, 2008, at 8.[2] In response to appellate counsel's argument that the PCRA judge's actions had created an appearance of impropriety, she retorted by lambasting Appellant's counsel, inadvertently lending even more credence to his recusal motion:

> [B]e very, very, very clear, I have no problem defending my opinion of [Appellant], my opinion of the legal issues that have been raised, and *I am grossly offended. I really, really, really am.*
>
> * * *
>
> I have in no way allowed my personal opinion of a person who toasted a house with children in it to [a]ffect the legal opportunity that I gave you to show me that I have misread this evidence . . . .
>
> * * *
>
> So if you want me off of the case, you take whatever action you deem appropriate to make that happen. But I can tell you now that if [Appellant] should not be on death row, I will take him off. If he's entitled to a new trial, I will give it to him. If I am shown that my jury was wrong, so be it. *But don't you [dare], as long as you live, question my integrity. That's not for negotiation here or ever.*

N.T., Mar. 7, 2008, at 8–10 (emphasis added).

Notably, in a previous case, the PCRA judge similarly chastised an assistant district attorney who requested her

---

**2.** While the Commonwealth reasonably observes that the context in which this statement was made demonstrates that the judge was not assuming the role of an advocate, the remark nonetheless supports a reasonable inquiry by a litigant concerning the judge's impartiality, particularly when considered in connection with the other irregularities.

recusal. *See Commonwealth v. White,* 589 Pa. 642, 910 A.2d 648, 656–57 (2006) (reflecting the judge's statement: "[T]he arrogance of you to come in here and presume that I would somehow not honor my obligations as a jurist is patently offensive."). In that case, this Court determined that such remarks increased the appearance of impropriety, and, indeed, necessitated the reversal of the judge's refusal to recuse. *See id.* at 658 ("[T]he judge's reaction to the Commonwealth's recusal request cements the conclusion that recusal is appropriate in this case because of the appearance of impropriety.").[3]

In this Commonwealth, it is well-settled that resolution of a legal dispute before a new judge should occur upon the mere "appearance of impropriety," which may be shown where "there are factors or circumstances that may reasonably question the jurist's impartiality in the matter." *Joseph v. Scranton Times,* 604 Pa. 677, 987 A.2d 633, 634 (2009) (*per curiam*). Should a motion for recusal be denied, an appellate court's function is to determine whether the judge abused his or her discretion in denying recusal. *Reilly by Reilly v. Southeastern Pa. Transp. Auth.,* 507 Pa. 204, 489 A.2d 1291, 1300 (1985). In my respectful view, as fully explained above, the actions of the PCRA judge instantly evince, at the very least, an "appearance of impropriety," necessitating my conclusion that she abused her discretion in denying Appellant's oral motion for recusal. The comments by the judge that Appellant was a "vile" human notwithstanding, to direct privately a court reporter to alter an official transcript, the only vehicle through which appellate courts can ensure the due process of law, is

---

**3.** I joined Chief Justice Cappy's dissent in *White,* which, *inter alia,* criticized the recusal of this PCRA judge. I joined that portion of the opinion, at least in part, because of my concern with civility in our profession and among my judicial colleagues, and my belief that there was sufficient doubt regarding bias to permit the PCRA judge to continue. Nevertheless, it should be noted that the majority of this Court ordered the PCRA judge's recusal. Moreover and importantly, this case does not involve only inappropriate comments. Rather, it involves the *sub silentio* alteration of a transcript, an infringement of process that I cannot countenance under any circumstances. Thus, in my view, this is not only distinct from *White,* but substantially more egregious.

reprehensible and should be condemned universally. The PCRA judge's explanation was that words which were "less than judicial" were removed, *see* N.T., Mar. 7, 2008 at 6, somehow asserting a "*de minimis* excuse" to rationalize transcript alteration. To me, there can be no justification or excuse.[4] Moreover, to attack counsel personally for requesting recusal, when the law requires such motions to be put forth before the judge whose actions are in question in the first instance, is obviously inappropriate.[5]

Accordingly, because of the seriousness of the trial judge's concession that she directed alteration of the transcript in this case, and the judge's other inappropriate outbursts, I join the order of this Court calling for disqualification of this jurist and the assignment of a new judge to review all aspects of this PCRA proceeding, decide it, and craft an opinion in support of such decision.[6]

Justices McCAFFERY and ORIE MELVIN join this Concurring Statement.

Justice SAYLOR, concurring and dissenting.

I support the decision to remand, albeit I would require an evidentiary hearing. As to the review of the PCRA court's denial of the recusal motion, I join Mr. Justice Baer's concurring statement, save for footnote 3 (in light of differences between the positions Justice Baer and I took in *Commonwealth v. White*, 589 Pa. 642, 910 A.2d 648 (2006)).

**4.** If a lawyer somehow effectuated alteration of a transcript, I have no doubt that this Court would pronounce sure and serious discipline upon him or her.

**5.** Generally, a party must seek to have a judge recused from a case, by first bringing the petition for recusal before that jurist, thus enabling the judge to evaluate the reasons for recusal firsthand. *See Commonwealth v. Whitmore*, 590 Pa. 376, 912 A.2d 827, 833 (2006). "This is, in part, to allow the requested judge to state his or her reasons for granting or denying the motion and, as the allegedly biased party, to develop a record on the matter." *Id.*

**6.** Moreover, and speaking solely for myself, in light of the seemingly repetitive nature of this jurist's conduct, I would provide fair warning that another similar incident should result in disciplinary proceedings against her.

In terms of the proceedings on remand, I would instruct the PCRA court to conduct a timely hearing and implement a timely resolution of all disputed issues of material fact via the essential fact-finding process. Appellant has clearly proffered evidence that his trial counsel rendered deficient stewardship at the guilt and penalty stages of his capital trial. *See, e.g.,* Affidavit of Trial Counsel at 4 ("I have no excuse for the manner in which I handled preparation and representation for this trial. My only explanation, which is not meant as an excuse, is two-fold: First, I was experiencing substantial personal health and family problems during this period, and I was unable to give the kind of attention to this client that he deserved; and second, I honestly never believed that my client could be convicted of first-degree murder and that realistically he would have to face a possible death penalty."). Although this attorney is now deceased, Appellant has included supporting proffers in any event, and I believe a hearing is required. Notably, the Commonwealth has no objection to such a hearing. *See* Brief for Appellee at 3 ("[T]he Commonwealth submits that a remand for an evidentiary hearing would not be inappropriate if this Court so prefers, and might enhance further review").