J-S39039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                            :               PENNSYLVANIA

             Appellee          :

                                  :

             v.                  :

                                  :

WALTER L. ERWIN,                 :

                                  :

            Appellant          :          No. 372 EDA 2015

Appeal from the PCRA Order entered on January 8, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0505701-2004

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED JULY 30, 2015**

Walter L. Erwin ("Erwin") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On June 3, 2005, a jury convicted Erwin of murder of the third degree. The trial court sentenced Erwin to twenty to forty years in prison on July 21, 2005. This court affirmed the judgment of sentence on March 28, 2008, and the Pennsylvania Supreme Court denied *allocatur* on October 28, 2008. **See Commonwealth v. Erwin**, 953 A.2d 597 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 960 A.2d 545 (Pa. 2008).

Erwin filed his first PCRA Petition in May 2009. The PCRA court denied the Petition in May 2011. This Court affirmed the denial in July 2012, after which the Pennsylvania Supreme Court denied allowance of appeal on

December 4, 2012. *See Commonwealth v. Erwin*, 55 A.3d 133 (Pa. Super. 2012), *appeal denied*, 57 A.3d 67 (Pa. 2012).

On January 30, 2013, Erwin filed the instant PCRA Petition. He filed supplements to the Petition in August and October of 2014. On January 8, 2015, the PCRA court dismissed the Petition as untimely. Erwin filed a timely Notice of appeal.

On appeal, Erwin raises the following question for our review:

Did the PCRA court err in failing to enforce the *Lark*[1] rule when [Erwin] complied with the [timeliness] requirements of a second PCRA petition [] with newly discovered facts of misconduct [and] corruption of [his trial judge,] Judge Renee C. Hughes [("Judge Hughes"),] that effected [*sic*] [Erwin's] trial, direct appeal[,] PCRA process[,] and sentencing[,] and a hearing is warranted in the interest of justice?

Brief for Appellant at vi (footnote added, capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA courts ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

A PCRA petition "shall be filed within one year of the date the judgment becomes final, unless" the petition meets one of three exceptions. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme

_____

[1]*Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000).

- 2 -

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Erwin's judgment of sentence became final on January 26, 2009, upon the expiration of the time to file an appeal with the United States Supreme Court. Thus, Erwin had until January 26, 2010, to file a timely PCRA petition. The instant Petition, filed on January 30, 2013, is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner pleads and proves one of the three exceptions under section 9545(b)(1)(i)-(iii), which states the following:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth, or the Constitution or laws of the United states;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1(i)-(iii). Any petition invoking one of the exceptions must be "filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Initially, Erwin invokes the newly-discovered facts exception at section 9545(b)(1)(ii), and argues that he discovered newspaper articles in May

2011, while his first PCRA Petition was pending on appeal.[2] The articles allege the removal of Judge Hughes from the bench for misconduct in ***Commonwealth v. Dougherty***, 18 A.3d 1095 (Pa. 2011). Brief for Appellant at 8-11. Therefore, Erwin asserts that Judge Hughes must have also committed misconduct at his trial and sentencing. ***Id.*** at 9-11.

Erwin's reliance on the newspaper articles to support an exception to the PCRA's timeliness requirements is unavailing. Indeed, newspaper articles are not considered evidence. ***See Commonwealth v. Castro***, 93 A.3d 818, 825 (Pa. 2014) (concluding that newspaper articles are not evidence). Further, as this Court previously noted, Judge Hughes resigned from the bench to take another position, rather than being removed from the bench, and there was no explanation of how alleged misconduct in an unrelated case related to Erwin's case. ***See Erwin***, 55 A.3d 133 (unpublished memorandum at 14 n.8). Therefore, the PCRA court properly determined that Erwin failed to provide new evidence to meet the exception provided by 42 Pa.C.S.A. § 9545(b)(1)(ii).

---

[2] Erwin improperly attempted to raise his discovery of the articles as an issue on appeal of his first PCRA Petition. However, because this issue was not raised before the PCRA court, Erwin was precluded from raising the issue on appeal of his first PCRA Petition. ***See Erwin***, 55 A.3d 133 (unpublished memorandum at 13). In the instant case, Erwin asserts that he timely raised this issue in his second PCRA Petition that, he contends, was filed within 60 days after the Pennsylvania Supreme Court's denial of allowance of appeal of his first PCRA Petition. ***See*** Brief for Appellant at 8-9; ***see also Commonwealth v. Callahan***, 101 A.3d 118, 122-23 (Pa. Super. 2014) (stating that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition.").

Additionally, Erwin invokes the new constitutional right exception at section 9545(b)(1)(iii) by arguing that his sentence is illegal based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014). Brief for Appellant at 12. However, *Alleyne* and *Newman* only address mandatory minimum sentences, and no such sentence was imposed in this case.[3] Thus, the PCRA court properly determined that Erwin has not met the new constitutional right exception provided by 42 Pa.C.S.A. § 9545(b)(1)(iii).

Finally, Erwin raises ineffective assistance of counsel claims. Brief for Appellant at 11-12. However, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Thus, the PCRA court properly determined that Erwin's ineffective assistance of counsel claims were barred by the PCRA's timeliness constraints.

Since none of the claims raised by Erwin invokes an exception to the timeliness requirements of the PCRA, the PCRA court properly determined

---

[3] Furthermore, this Court has held that *Alleyne* does not apply retroactively to claims on collateral review. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014); *see also Commonwealth v. Riggle*, 2015 PA Super 147, at *6 (Pa. Super. 2015).

that Erwin failed to overcome the untimeliness of his Petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2015

---

[4] The PCRA court did not abuse its discretion in declining to hold an evidentiary hearing. *See Commonwealth v. Garcia*, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011) (stating that the PCRA court did not abuse its discretion in dismissing an untimely PCRA petition, without a hearing, where the petitioner failed to properly invoke any of the timeliness exceptions).